FILED ___ RECEIVED
ENTERED ___ SERVED ON
COUNSEL/PARTIES OF RECORD

MAR 2 3 2017

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY: _____ DEPUTY

DANIEL G. BOGDEN
United States Attorney
DANIEL J. COWHIG
Assistant United States Attorney
United States Attorney's Office
501 Las Vegas Boulevard South, Suite 1100
Las Vegas, Nevada 89101-6514
(702) 388-6336 / Fax: (702) 388-6020

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA
-oOo-

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.: 2:17-cr-00015-RFB |
| Plaintiff, | |
| vs. | **PLEA AGREEMENT UNDER** |
| DUSTIN W. HOLDEN, | **FED. R. CRIM. P. 11 (c)(1)(A) and (B)** |
| Defendant. | |

The United States of America, by and through Daniel G. Bogden, United States Attorney, and Daniel J. Cowhig, Assistant United States Attorney, the defendant DUSTIN W. HOLDEN, and his attorney, Paul Kish, Esq., submit this Plea Agreement under Federal Rules of Criminal Procedure 11(c)(1)(A) and (B).

## I.   SCOPE OF AGREEMENT

The parties to this Plea Agreement are the United States of America and the defendant DUSTIN W. HOLDEN. This Plea Agreement binds the defendant and the United States Attorneys' Office for the District of Nevada. It does not bind any other prosecuting, administrative, or regulatory authority, the United States Probation Office, or the Court.

1

The Plea Agreement sets forth the parties' agreement regarding the criminal charges referenced in the Plea Agreement and the applicable sentence, fine, forfeiture, and restitution. It does not control or prohibit the United States or any agency or third party from seeking any other civil or administrative remedies directly or indirectly against the defendant.

## II. DISPOSITION OF CHARGES AND WAIVER OF TRIAL RIGHTS

A. <u>Guilty Plea</u>. The defendant knowingly and voluntarily agrees to plead guilty to the following charge as set forth in the Criminal Information:

<u>Count 1</u>: Accessing a Protected Computer to Defraud and Obtain Something of Value, in violation of 18 U.S.C. §§ 1030(a)(4) and (c)(3)(A)

The defendant also agrees to the forfeiture of the property, the imposition of the forfeiture on the property, and the imposition of the in personam criminal forfeiture money judgment as set forth in this Plea Agreement and the Forfeiture Allegations of the Criminal Information.

B. <u>Waiver of Trial Rights</u>. The defendant acknowledges that he has been advised and understands that by entering a plea of guilty he is waiving -- that is, giving up -- certain rights guaranteed to all defendants by the laws and the Constitution of the United States. Specifically, the defendant is giving up:

1. The right to proceed to trial by jury on all charges, or to a trial by a judge if the defendant and the United States both agree;

2. The right to confront the witnesses against the defendant at such a trial, and to cross-examine them;

3. The right to remain silent at such a trial, with assurance that his silence could not be used against him in any way;

4. The right to testify in his own defense at such a trial if he so chooses;

      5.     The right to compel witnesses to appear at such a trial and testify in the defendant's behalf;

      6.     The right to have the assistance of an attorney at all stages of such proceedings; and

      7.     The right to be indicted by a Grand Jury.

C.    **Withdrawal of Guilty Plea.** The defendant will not seek to withdraw his guilty plea after he has entered them in court.

D.    **Additional Charges.** The United States agrees not to bring any additional charges against the defendant arising out of the investigation in the District of Nevada that culminated in this Plea Agreement and based on conduct known to the United States except that the United States reserves the right to prosecute the defendant for any crime of violence as defined by 18 U.S.C. § 16.

## III. ELEMENTS OF THE OFFENSES

A.    The elements of Accessing a Protected Computer to Defraud and Obtain Something of Value, in violation of 18 U.S.C. §§ 1030(a)(4) and (c)(3)(A), are:

      1.     First, the defendant knowingly accessed without authorization a computer used in or affecting interstate or foreign commerce or communication;

      2.     Second, the defendant did so with the intent to defraud;

      3.     Third, by accessing the computer without authorization, the defendant furthered the intended fraud, and;

      4.     Fourth, the defendant by accessing the computer without authorization obtained anything of value.

*See* 9th Cir. Crim. Jury Instr. 8.99 (2010).

## IV. FACTS SUPPORTING GUILTY PLEA

A. The defendant will plead guilty because he is, in fact and under the law, guilty of the crime charged.

B. The defendant acknowledges that if he elected to go to trial instead of pleading guilty, the United States could prove his guilt beyond a reasonable doubt. The defendant further acknowledges that his admissions and declarations of fact set forth below satisfy every element of the charged offense.

C. The defendant waives any potential future claim that the facts he admitted in this Plea Agreement were insufficient to satisfy the elements of the charged offense.

D. The defendant admits and declares under penalty of perjury that the facts set forth below are true and correct:

1. DUSTIN W. HOLDEN, defendant, knowingly and without authority accessed computer servers used by a Nevada-based provider of gift cards, bypassed security measures on those servers to download data associated with gift cards of a major national retailer, and used that data to defraud the retailer by manufacturing, using and reselling fraudulent, counterfeit gift cards. The defendant's actions caused a direct loss to the retailer of approximately $181,000. The gift card provider compensated the retailer for the direct loss and suffered additional substantial monetary losses in contract cancellations, expenses for security reviews and legal services, and harm to the gift card business's reputation.

2. In March 2014, defendant HOLDEN was living in Silver Creek, Georgia. Working from the house where he lived in Georgia, the defendant connected his home network, including his computers and Network Attached Storage (NAS) device to the Internet through a neighbor's modem without the neighbor's knowledge or consent. To use the neighbor's modem

to access the Internet, the defendant knowingly used a brute-force attack to crack the password and overcome the security on the modem. By using an Internet connection registered to his neighbor without his neighbor's knowledge or consent, the defendant also intended to conceal his responsibility for criminal activity he planned to carry out through the Internet, believing that law enforcement investigations would lead back to the defendant's neighbor, rather than to the defendant.

3. Based on lawful work that he had done earlier, the defendant believed that some gift cards used by some major retailers had vulnerabilities he could exploit to defraud those retailers. Gift cards are a common type of closed-loop access devices, also known as stored value cards (SVC), that are issued and maintained by a third-party vendor for specific retail company. Gift cards or other stored value cards typically have a unique number assigned to the card and a unique personal identification number (PIN) associated with the card.

4. Some gift cards, often described as e-gift cards, do not have an associated physical card. Typically, an e-gift card can be used in an online transaction on the retailer's online stores by entering the card number and PIN on the website, or can be used in an in-person transaction in the retailer's brick and mortar stores by printing the e-gift card and presenting it to the cashier and providing the PIN to access the stored value.

5. The defendant used the Internet and other resources to research companies that provided gift card services to major national retailers. Among others, the defendant found a gift card provider based in Nevada. Working through the Internet and mostly from his home in Georgia using his neighbor's modem, the defendant began a deliberate, sustained and ultimately successful effort to gain unauthorized access to the computer servers of the victim gift card company located in Nevada with the intent to defraud that company and its clients. The victim company's servers contained the account data for the gift cards of several major national and

international retailers. The victim company's servers were computers used in and affecting interstate and international commerce and communication.

6. With the intent to defraud, the defendant knowingly accessed the victim company's computer servers without authorization by defeating multiple security measures to get the gift card numbers and PINs for a major national retailer. The defendant defrauded the major national retailer by using those stolen gift card numbers and PINs to make purchases from that company and by selling the stolen gift card numbers and PINs to others in bulk through the Internet so that others could use those stolen gift card numbers and PINs to make purchases from that company.

7. The defendant took significant pains to conceal his involvement in the bulk sale of the gift card numbers and PINs by using false names and conducting financial transactions in cryptocurrencies, principally Bitcoin and Dogecoin. The defendant received between $46,000.00 and $83,000.00 through his bulk sales of the gift card numbers and PINs he had obtained by his unauthorized access to the victim's protected computers.

8. The defendant's actions caused a direct loss to the retailer of approximately $181,000. The gift card provider compensated the retailer for the direct loss and suffered additional substantial monetary losses in contract cancellations, expenses for security reviews and legal services, and harm to the victim gift card business's reputation.

9. The defendant used the following devices and others to carry out the criminal activity described above:

    An eServer brand computer with 80 GB HDD, serial number 001CA2B

    A Network-Attached Storage (NAS) Device containing eight 4 TB HDDs

    A SanDisk brand model SDCZ33 16 GB Thumbdrive, serial number BL131224569D

10. The defendant used various Bitcoin and Dogecoin wallets or accounts to receive payments from the persons to whom he sold the stolen gift card numbers and PINs. All funds contained in those accounts are proceeds of the criminal activity described above.

11. The defendant admits that the property and the in personam criminal forfeiture money judgment amount listed in Section X are (1) any personal property that was used or intended to be used to commit or to facilitate the commission of a violation of Title 18, United States Code, Section 1030(a)(4), or a conspiracy to violate such offense; (2) any property, real or personal, which constitutes or is derived from proceeds traceable to a violation of Title 18, United States Code, Section 1030(a)(4), or a conspiracy to commit such offense; (3) any property constituting, or derived from, proceeds obtained directly or indirectly, as the result of a violation of Title 18, United States Code, Section 1030(a)(4), or a conspiracy to violate such offense; and (4) any property, real or personal, constituting or derived from, any proceeds obtained, directly or indirectly, as a result of a violation of Title 18, United States Code, Section 1030(a)(4), or a conspiracy to violate such offense, and are subject to forfeiture pursuant to Title 18, United States Code, Section 1030(i)(1)(A); Title 18, United States Code, Section 981(a)(1)(C) with Title 28, United States Code, Section 2461(c); Title 18, United States Code, Section 982(a)(2)(B); Title 18, United States Code, Section 1030(i)(1)(B); and Title 21, United States Code, Section 853(p).

V.  **COLLATERAL USE OF FACTUAL ADMISSIONS**

The facts set forth in Section IV of this Plea Agreement shall be admissible against the defendant under Federal Rule of Evidence 801(d)(2)(A) at sentencing for any purpose. If the defendant does not plead guilty or withdraws his guilty plea, the facts set forth in Section IV of this Plea Agreement shall be admissible at any proceeding, including a trial, for impeaching or rebutting

7

any evidence, argument or representation offered by or on the defendant's behalf. The defendant expressly waives all rights under Federal Rule of Criminal Procedure 11(f) and Federal Rule of Evidence 410 regarding the use of the facts set forth in Section IV of this Plea Agreement.

## VI. APPLICATION OF SENTENCING GUIDELINES PROVISIONS

A. <u>Discretionary Nature of Sentencing Guidelines</u>. The defendant acknowledges that the Court must consider the United States Sentencing Guidelines ("USSG" or "Sentencing Guidelines") in determining the defendant's sentence, but that the Sentencing Guidelines are advisory, not mandatory, and the Court has discretion to impose any reasonable sentence up to the maximum term of imprisonment permitted by statute.

B. <u>Offense Level Calculations</u>. The parties stipulate to the following calculation of the defendant's offense level under the Sentencing Guidelines, acknowledge that these stipulations do not bind the Court, and agree that they will not seek to apply any other specific offense characteristics, enhancements, adjustments or reductions:

Count One, Accessing a Protected Computer to Defraud and Obtain Something of Value, in violation of 18 U.S.C. §§ 1030(a)(4) and (c)(3)(A)

| | |
|---|---|
| Base Offense Level (USSG § 2B1.1(a)(2)) | 6 |
| Loss of More than $150K (USSG § 2B1.1(b)(1)(F)) | 10 |
| Sophisticated Means (USSG § 2B1.1(b)(10)) | 2 |
| Total Offense Level for Count One | 18 |
| Acceptance of Responsibility (USSG § 3E1.1(a)) | -2 |
| Upon Motion of the Government (USSG § 3E1.1(b)) | -1 |
| Total Offense Level | 15 |

C. <u>Reduction of Offense Level for Acceptance of Responsibility.</u> Under USSG §3E1.1(a), the United States will recommend that the defendant receive a two-level downward adjustment for acceptance of responsibility unless he (a) fails to truthfully admit facts establishing a factual basis for the guilty plea when he enters the plea; (b) fails to truthfully admit facts establishing the amount of restitution owed when he enters his guilty plea; (c) fails to truthfully admit facts establishing the forfeiture allegations when he enters his guilty plea; (d) provides false or misleading information to the United States, the Court, Pretrial Services, or the Probation Office; (e) denies involvement in the offense or provides conflicting statements regarding his involvement or falsely denies or frivolously contests conduct relevant to the offense; (f) attempts to withdraw his guilty plea; (g) commits or attempts to commit any crime; (h) fails to appear in court; or (i) violates the conditions of pretrial release.

Under United States Sentencing Guideline § 3E1.1(b), the United States will move for an additional one-level downward adjustment for acceptance of responsibility before sentencing because the defendant communicated his decision to plead guilty in a timely manner that enabled the United States to avoid preparing for trial and to efficiently allocate its resources.

These Sentencing Guidelines provisions, if applied, will result in a total offense level of 16 (if two-level adjustment applies) or 15 (if the two-level adjustment and additional one-level adjustment both apply).

D. <u>Criminal History Category.</u> The defendant acknowledges that the Court may base his sentence in part on the defendant's criminal record or criminal history. The Court will determine the defendant's Criminal History Category under the Sentencing Guidelines.

E. <u>Relevant Conduct.</u> The Court may consider any counts dismissed under this Plea Agreement and all other relevant conduct, whether charged or uncharged, in determining the applicable Sentencing Guidelines range and whether to depart from that range.

F.  *Additional Sentencing Information*. The stipulated Sentencing Guidelines calculations are based on information now known to the parties. The parties may provide additional information to the United States Probation Office and the Court regarding the nature, scope, and extent of the defendant's criminal conduct and any aggravating or mitigating facts or circumstances. Good faith efforts to provide truthful information or to correct factual misstatements shall not be grounds for the defendant to withdraw his guilty plea.

The defendant acknowledges that the United States Probation Office may calculate the Sentencing Guidelines differently and may rely on additional information it obtains through its investigation. The defendant also acknowledges that the Court may rely on this and other additional information as it calculates the Sentencing Guidelines range and makes other sentencing determinations, and the Court's reliance on such information shall not be grounds for the defendant to withdraw his guilty plea.

## VII.  APPLICATION OF SENTENCING STATUTES

A.  *Maximum Penalty*. The maximum penalty for violating Title 18, United States Code, Sections 1030(a)(4) and (c)(3)(A), Accessing a Protected Computer to Defraud and Obtain Something of Value, absent aggravating circumstances not present in this case, is a five (5) year term of imprisonment, a fine of not more than two-hundred fifty thousand dollars ($250,000) or twice the gross gain or gross loss resulting from the offense, whichever is greatest, or both.

B.  *Factors Under 18 U.S.C. § 3553*. The Court must consider the factors set forth in 18 U.S.C. § 3553(a) in determining the defendant's sentence. However, the statutory minimum and maximum sentences limit the Court's discretion in determining the defendant's sentence.

C.  *Parole Abolished*. The defendant acknowledges that his prison sentence cannot be shortened by early release on parole because parole has been abolished.

D.  <u>Supervised Release</u>. In addition to imprisonment and a fine, the defendant will be subject to a term of supervised release not to exceed three years. Supervised release is a period of time after release from prison during which the defendant will be subject to various restrictions and requirements. If the defendant violates any condition of supervised release, the Court may order the defendant's return to prison for all or part of the term of supervised release, which could result in the defendant serving a total term of imprisonment greater than the statutory maximum prison sentence.

E.  <u>Special Assessment</u>. The defendant will pay a $100.00 special assessment per count of conviction at the time of sentencing.

## VIII. RESTITUTION

In exchange for benefits received under this Plea Agreement, the defendant agrees to make full restitution in the amount of $181,000 to the victims, to be named in the judgment at the time of sentencing. 18 U.S.C. § 3663(a)(3). The defendant cannot discharge his restitution obligation through bankruptcy proceedings. The defendant acknowledges that restitution payments and obligations cannot offset or reduce the amount of any forfeiture judgment imposed in this case.

## IX. POSITIONS REGARDING SENTENCE

The United States may argue for any sentence within the Sentencing Guidelines range corresponding to the offense level determined by the court unless the defendant commits any act that could result in a loss of the downward adjustment for acceptance of responsibility. The defendant may request a sentence below the Sentencing Guidelines range determined by the court consistent with the provisions of 18 U.S.C. § 3553, and the United States may oppose it. Notwithstanding the agreement to recommend a sentence within the Sentencing Guidelines range corresponding to the

offense level determined by the court, the United States reserves its right to defend any lawfully imposed sentence on appeal or in any post-conviction litigation.

The defendant acknowledges that the Court does not have to follow this recommendation. The defendant also acknowledges that the Court does not have to grant a downward departure based on the defendant's substantial assistance to the United States, even if the United States chooses to file a motion pursuant to 18 U.S.C. § 3553(e)(1), USSG § 5K1.1, or Fed. R. Crim. P. 35. This Plea Agreement does not require the United States to file any pre- or post-sentence downward departure motion under USSG § 5K1.1 or Fed. R. Crim. P. 35. Notwithstanding its agreement to recommend the defendant be sentenced within the Guidelines range calculated in this Plea Agreement, the United States reserves its right to defend any lawfully imposed sentence on appeal or in any post-conviction litigation.

## X.  FORFEITURE

The defendant knowingly and voluntarily:

A. Agrees to the District Court imposing the civil judicial forfeiture or the criminal forfeiture of:

1. eServer brand computer with 80 GB HDD, serial number 001CA2B;
2. Network-Attached Storage (NAS) Device containing eight 4 TB HDDs;
3. SanDisk brand model SDCZ33 16 GB Thumbdrive, serial number BL131224569D; and
4. any and all funds contained in the Bitcoin and Dogecoin wallets or accounts, which are proceeds of the criminal activity described above

(all of which constitutes property);

B.  Agrees to the District Court imposing an in personam criminal forfeiture money judgment of $181,000, and that the property will be applied toward the payment of the money judgment;

C.  Agrees to the abandonment, the civil administrative forfeiture, the civil judicial forfeiture, or the criminal forfeiture of the property;

D.  Abandons or forfeits the property to the United States;

E.  Relinquishes all right, title, and interest in the property;

F.  Waives his right to any abandonment proceedings, any civil administrative forfeiture proceedings, any civil judicial forfeiture proceedings, or any criminal forfeiture proceedings of the property and the in personam criminal forfeiture money judgment (proceedings);

G.  Waives service of process of any and all documents filed in this action or any proceedings concerning the property and the in personam criminal forfeiture money judgment arising from the facts and circumstances of this case;

H.  Waives any further notice to him, his agents, or his attorney regarding the abandonment or the forfeiture and disposition of the property;

I.  Agrees not to file any claim, answer, petition, or other documents in any proceedings concerning the property and the in personam criminal forfeiture money judgment;

J.  Waives the statute of limitations, the CAFRA requirements, Fed. R. Crim. P. 7, 11, and 32.2, all constitutional requirements, including, but not limited to, the constitutional due process requirements of any proceedings concerning the property and the in personam criminal forfeiture money judgment;

K.  Waives his right to a jury trial on the forfeiture of the property;

L.  Waives all constitutional, legal, and equitable defenses to the forfeiture or abandonment of the property and the in personam criminal forfeiture money judgment in any

proceedings, including, but not limited to, (1) constitutional or statutory double jeopardy defenses and (2) defenses under the Excessive Fines or Cruel and Unusual Punishments Clauses of the Eighth Amendment to the United States Constitution;

    M.    Agrees to the entry of an Order of Forfeiture of the property and the in personam criminal forfeiture money judgment to the United States;

    N.    Waives the right to appeal any Order of Forfeiture;

    O.    Agrees the property is forfeited to the United States;

    P.    Agrees that the in personam criminal forfeiture money judgment is immediately due and payable and is subject to immediate collection by the United States;

    Q.    Agrees and understands the abandonment, the civil administrative forfeiture, the civil judicial forfeiture, or the criminal forfeiture of the property and the in personam criminal forfeiture money judgment shall not be treated as satisfaction of any assessment, fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon the defendant in addition to the abandonment or the forfeiture;

    R.    Acknowledges that the amount of the forfeiture may differ from, and may be significantly greater than or less than, the amount of restitution; and

    S.    Agrees to take all steps as requested by the United States to pass clear title of the property and of any forfeitable assets which may be used to satisfy the in personam criminal forfeiture money judgment to the United States and to testify truthfully in any judicial forfeiture proceedings. The defendant understands and agrees that the property and the in personam criminal forfeiture money judgment amount represent proceeds and/or facilitating property of illegal conduct and are forfeitable. The defendant acknowledges that failing to cooperate in full in either the forfeiture of the property or the disclosure of assets constitutes a breach of this Plea Agreement.

## XI. FINANCIAL INFORMATION AND DISPOSITION OF ASSETS

Before or after sentencing, upon request by the Court, the United States, or the Probation Office, the defendant will provide accurate and complete financial information, submit sworn statements, and/or give depositions under oath concerning his assets and his ability to pay. The defendant will surrender assets he obtained directly or indirectly as a result of his crimes, and will release funds and property under his control in order to pay any fine, forfeiture, or restitution ordered by the Court.

## XII. COOPERATION

1. The defendant agrees, if requested by the United States, to provide complete and truthful information and testimony concerning the defendant's knowledge of all other persons who are committing or have committed offenses against the United States or any state, and agrees to cooperate fully with the United States and any state and local agencies in the investigation and prosecution of such persons.

2. In the event the United States Attorney decides in the sole discretion of the United States Attorney that the assistance provided by the defendant amounts to "substantial assistance" pursuant to U.S.S.G. § 5K1.1, the United States will timely file a motion for downward departure from the applicable Guideline and to sentence the defendant without regard to any mandatory minimum sentence. The Court has the sole discretion to grant such a motion.

3. The defendant agrees that a motion for downward departure based on substantial assistance shall not be made under any circumstances unless the defendant's cooperation is deemed to be substantial assistance by the United States Attorney. The United States has made no promise, implied or otherwise, that the defendant will be granted a departure for substantial assistance. Further, no promise has been made that such a motion will be made even if the defendant complies

with the terms of this Plea Agreement in all respects but has been unable to provide substantial assistance as determined in the sole discretion of the United States Attorney.

4. The United States agrees to consider the totality of the circumstances, including but not limited to, the following factors, in determining whether, in the sole discretion of the United States Attorney, the defendant has provided substantial assistance which would merit a motion by the United States for a downward departure from the applicable Guideline:

   a. The United States' evaluation of the significance and usefulness of the defendant's assistance;

   b. The truthfulness, completeness, and reliability of any information or testimony provided by the defendant;

   c. The nature and extent of the defendant's assistance;

   d. Any injury suffered, or any danger or risk of injury to the defendant or the defendant's family resulting from the defendant's assistance; and

   e. The timeliness of the defendant's assistance.

5. The defendant agrees that in the event the United States files a downward departure motion based upon the defendant's substantial assistance, the United States reserves the right to make a specific recommendation to the Court regarding the extent of such a departure. The defendant understands and agrees that the final decision as to how much of a departure, if any, is warranted rests solely with the Court.

6. The defendant agrees that if the United States determines that the defendant has not provided full and truthful cooperation, or has committed any federal, state or local crime between the date of this agreement and the defendant's sentencing, or has otherwise violated any provision of this agreement, then (a) the agreement and any of its obligations hereunder may be voided by the United States in its sole discretion, (b) the defendant may not withdraw the guilty plea, and (c) the defendant

shall be subject to prosecution for all federal criminal offenses of which the United States has knowledge, including but not limited to, perjury and obstruction of justice. Any such prosecution may be based upon any information provided by the defendant or leads derived therefrom.

7. The defendant agrees to submit at the United States' request to any polygraph examination concerning the defendant's statements to the United States. The defendant understands that if any test indicates that the defendant is being untruthful as to any aspect of the defendant's statements to the United States, the United States on the basis of the test alone may determine that the defendant has not provided full and truthful cooperation and treat defendant and their agreement in accordance with paragraph 6 above.

## XIII. THE DEFENDANT'S ACKNOWLEDGMENTS AND WAIVERS

A. <u>Plea Agreement and Decision to Plead Guilty</u>. The defendant acknowledges that:

1. He has read this Plea Agreement and understands its terms and conditions;

2. He has had adequate time to discuss this case, the evidence, and this Plea Agreement with his attorney;

3. He has discussed the terms of this Plea Agreement with his attorney;

4. The representations contained in this Plea Agreement are true and correct, including the facts set forth in Section IV; and

5. He was not under the influence of any alcohol, drug, or medicine that would impair his ability to understand the Agreement when he considered signing this Plea Agreement and when he signed it.

The defendant understands that he alone decides whether to plead guilty or go to trial, and acknowledges that he has decided to enter his guilty plea knowing of the charges brought against him, his possible defenses, and the benefits and possible detriments of proceeding to trial. The

17

defendant also acknowledges that he decided to plead guilty voluntarily and that no one coerced or threatened him to enter into this Plea Agreement.

     B.    Waiver of Appeal and Post-Conviction Proceedings. The defendant knowingly and expressly waives: (a) the right to appeal any sentence imposed within or below the applicable Sentencing Guideline range as determined by the Court; (b) the right to appeal the manner in which the Court determined that sentence on the grounds set forth in 18 U.S.C. § 3742; and (c) the right to appeal any other aspect of the conviction or sentence and any order of restitution or forfeiture.

The defendant also knowingly and expressly waives all collateral challenges, including any claims under 28 U.S.C. § 2255, to his conviction, sentence, and the procedure by which the Court adjudicated guilt and imposed sentence, except non-waivable claims of ineffective assistance of counsel.

The defendant reserves only the right to appeal any portion of the sentence that is an upward departure or an upward variance from the Sentencing Guideline range determined by the Court.

The defendant acknowledges that the United States is not obligated or required to preserve any evidence obtained in the investigation of this case.

     C.    Removal/Deportation Consequences. The defendant understands and acknowledges that if he is not a United States citizen, then it is highly probable that he will be permanently removed (deported) from the United States as a consequence of pleading guilty under the terms of this Plea Agreement. The defendant has also been advised if his conviction is for an offense described in 8 U.S.C. § 1101(a)(43), he will be deported and removed from the United States and will not be allowed to return to the United States at any time in the future. The defendant desires to plead guilty regardless of any immigration consequences that may result from his guilty plea, even if the consequence is automatic removal from the United States with no possibility of returning. The

defendant acknowledges that he has specifically discussed these removal/deportation consequences with his attorney.

## XIV. ADDITIONAL ACKNOWLEDGMENTS

This Plea Agreement resulted from an arms-length negotiation in which both parties bargained for and received valuable benefits in exchange for valuable concessions. It constitutes the entire agreement negotiated and agreed to by the parties. No promises, agreements or conditions other than those set forth in this agreement have been made or implied by the defendant, the defendant's attorney, or the United States, and no additional promises, agreements or conditions shall have any force or effect unless set forth in writing and signed by all parties or confirmed on the record before the Court.

DANIEL G. BOGDEN,
United States Attorney

DATE 1/13/17

DANIEL J. COWHIG
Assistant United States Attorney

DATE 1/12/17

PAUL KISH, ESQ.
Counsel for Defendant DUSTIN W. HOLDEN

DATE 12/22/16

DUSTIN W. HOLDEN
Defendant

19

defendant acknowledges that he has specifically discussed these removal/deportation consequences with his attorney.

## XIV.  ADDITIONAL ACKNOWLEDGMENTS

This Plea Agreement resulted from an arms-length negotiation in which both parties bargained for and received valuable benefits in exchange for valuable concessions. It constitutes the entire agreement negotiated and agreed to by the parties. No promises, agreements or conditions other than those set forth in this agreement have been made or implied by the defendant, the defendant's attorney, or the United States, and no additional promises, agreements or conditions shall have any force or effect unless set forth in writing and signed by all parties or confirmed on the record before the Court.

DANIEL G. BOGDEN,
United States Attorney

DATE 3/28/17

DANIEL J. COWHIG
Assistant United States Attorney

DATE 3/20/17

PAUL KISH, ESQ.
Counsel for Defendant DUSTIN W. HOLDEN

DATE 3/23/17

DUSTIN W. HOLDEN
Defendant